# UNITED STATES DISTRICT COURT
## Western District of Oklahoma

| | | |
|---|---|---|
| **Demetria Jordan**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**Grace Living Centers**<br><br>Defendant | § § § § § § § § § § § | <br><br><br><br><br>CA No: CIV-19-654-G<br><br><br><br>Collective Action<br>Jury Demanded |

**Plaintiff's Collective Action Complaint**

Demetria Jordan ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Grace Living Centers ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other Class Members as hourly paid licensed practical nurses ("**LPN**").

2. **Parties.**

    2.1. Plaintiff worked for Defendant in Oklahoma in the three years preceding the filing of this case. Plaintiff is filing her consent to participate in this case with the Court.

2.2. Plaintiff brings this action individually and on behalf of those licensed practical nurses and hourly paid staff similarly situated pursuant to the FLSA ("**Class Members**"). The Class Members consist of Defendant's current and former LPNs and hourly paid staff who worked more than 40 hours in one or more workweek over the previous three years but were not paid overtime.

2.3. Defendant is an Oklahoma entity licensed to do business in the State of Oklahoma.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Western District of Oklahoma and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

   3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including medical supplies and equipment.

4.5. Defendant offers a comprehensive range of rehabilitative and personal services addressing the needs of people who have experienced serious injury, illness or surgical complication – or who no longer are able to care for themselves. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

    4.5.1. Medical equipment and supplies that have been manufactured and shipped across state lines;

    4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

    4.5.5. The United States postal system to send mail across state lines; and

    4.5.6. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

5. **Factual Allegations.**

5.1. Defendant provides nursing and rehabilitative care in twenty-plus facilities around the State of Oklahoma (each a "**Location**" and collectively the "**Locations**").

5.2. Plaintiff worked for Defendant at multiple Locations, including but not limited to, its Kingwood Location, its Grace Bethany Location and its Brookwood Location.

Page | 4

5.3. During the relevant period, Plaintiff's job responsibilities consisted of nursing duties.

5.4. Plaintiff was paid on an hourly basis.

5.5. Plaintiff and the Putative Class Members routinely worked more than 40 hours in a work week during the Relevant Period.  Plaintiff and the Putative Class Members worked at more than one Location each week.

5.6. Even though Plaintiff and the Putative Class Members worked for Defendant at more than one Location each week, their hours for each Location were kept separate and overtime was only paid on a per Location basis (the "**Hours Segregation Policy**").

5.7. For example, during the week May 5, 2017 through May 18, 2017 Plaintiff worked at two Locations and worked a total of 131.8 hours and was paid for only .64 hours at an overtime rate.

5.8. In reality Plaintiff and the Putative Class Members worked for a single employer and their hours should not have been segregated.

5.9. Segregating hours by location when working for a single employer is a violation of the FLSA.

5.10.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Putative Class Members.

5.11.   The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees.  29 U.S.C. § 211 (c).

5.12.   In addition to the pay violations of the FLSA identified above, Defendant also failed to keep proper time records as required by the FLSA.

6. **Collective Action Allegations**

6.1. It is the policy of Defendant not to pay overtime wages to Plaintiff, the LPNs and the hourly-paid staff because of the Hours Segregation Policy.

6.2. The Hours Segregation Policy applied to all LPNs and hourly paid staff at the Locations.

6.3. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

6.4. The employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of applying the Hours Segregation Policy and does not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experiences are typical of the experience of the Class Members.

6.6. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are

entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.7. The class of similarly situated individuals is properly defined by as follows:

> **All LPNs and other hourly-paid staff who worked for Defendant at more than one of its Locations anywhere in the State of Oklahoma within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks because their hours were segregated by Location.**

6.8. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

8. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

8.1. Each and every allegation contained in the foregoing paragraphs 1-7, inclusive, is re-alleged as if fully rewritten herein.

8.2. During the relevant time period, Defendant violated and continues to violate the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks

longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

9. **Jury Demand.**

   9.1. Plaintiff demands a trial by jury herein.

10. **Relief Sought.**

   10.1.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

   10.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and her counsel to represent the Class Members;

   10.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

   10.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   10.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

10.1.5. All unpaid wages and overtime compensation;

10.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

10.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

10.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

10.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

**Paramount Law**

4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

Chris R. Miltenberger
TX Bar No. 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200

Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Pro Hac Vice Application Forthcoming

**Attorneys for Plaintiff**