# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEMETRIA JORDAN, individually and on behalf of all those similarly situated,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. CIV-19-654-G<br>) |
| **GRACE LIVING CENTERS et al.,** | )<br>)<br>) |
| **Defendants.** | ) |

## ORDER

Now before the Court is the Motion to Dismiss (Doc. No. 19) filed by Defendant Grace Living Centers on October 8, 2019. Defendant argues that Plaintiff's claim against it must be dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for failure to state a claim pursuant to Rule 12(b)(6), or alternatively, for failure to join a required party pursuant to Rules 12(b)(7) and 19. Plaintiff has responded in opposition (Doc. No. 20), and Defendant has replied (Doc. No. 25).

*I.  Background*

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of herself and all others similarly situated. *See* Am. Compl. (Doc. No. 16) ¶¶ 1.1, 2.2.[1] In her Amended Complaint, Plaintiff alleges as follows. Defendants

---

[1] Plaintiff defines the putative class as

> [a]ll [licensed practical nurses] and other hourly-paid staff who worked for Defendants, or any of them, at more than one Location anywhere in the State of Oklahoma within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times

provide nursing and rehabilitative care in several facilities across the state of Oklahoma. *Id.* ¶ 5.1. Defendants are controlled by the same entity, share management services and payroll systems, and function as a "single joint employer." *Id.* ¶¶ 5.2-5.5. Over the past three years, Defendants' hourly employees routinely worked more than forty hours per week in aggregate, but those hours were often divided among more than one facility, with each facility calculating overtime separately. *Id.* ¶¶ 2.1, 2.2, 5.9, 5.10.

Plaintiff contends that Defendants' failure to aggregate the hours an employee worked at each facility for purposes of calculating overtime has resulted in unpaid overtime compensation in violation of the FLSA. Plaintiff seeks recovery of unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. *Id.* ¶ 10.1.

In its Motion, Defendant contends that Grace Living Centers is a trade name for Amity Care, L.L.C. and that neither Grace Living Centers nor Amity Care, L.L.C. employed Plaintiff.[2] Defendant argues that, as a trade name "with no legal standing," Grace Living Centers should be dismissed under various theories, including lack of personal jurisdiction, failure to state a claim, and failure to join a required party. Def.'s Mot. at 1 (citing Fed. R. Civ. P. 12(b)(2), (6), and (7)). In response, Plaintiff submits that her paychecks were issued by Grace Living Centers and requests that the Court grant

---

their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks because their hours were segregated by Location.

*Id.* ¶ 6.7.
[2] The Court makes no finding as to Amity Care, L.L.C.'s status as an employer under the FLSA.

limited discovery on the issue of whether Grace Living Centers qualifies as an employer under the FLSA. *See* Pl.'s Resp. at 2.

II.     *Standard of Decision*

Defendant's argument is, in essence, an argument that it lacks the capacity to be sued because it does not have a legal existence. The issues of a party's capacity to be sued and legal existence must be raised "by a specific denial." Fed. R. Civ. P. 9(a)(2). A motion to dismiss for failure to state a claim may serve as an appropriate vehicle in which to raise the issue of capacity or legal existence if the issue "appears on the face of the pleadings or is discernible therefrom." 5A Wright & Miller, *Federal Practice & Procedure* § 1294 (4th ed. 2019).

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.  *Discussion*

Rule 17(b)(3) of the Federal Rules of Civil Procedure prescribes that an entity's capacity to be sued in federal court is determined by the law of the forum state, unless the entity is an individual or corporation. *See* Fed. R. Civ. P. 17(b)(3). Under Oklahoma law, a trade name is not a separate legal entity and "does not offer plaintiff an additional party from which to obtain relief."[3] *Lewis v. Am. Gen. Assurance Co.*, No. CIV-00-1520-W, 2001 WL 36160929, at *2 (W.D. Okla. Feb. 26, 2001); *see Thomas*, 592 P.2d at 983; *see also* Okla. Stat. tit. 12, § 2017(B).

Plaintiff, who has named both Amity Care, L.L.C. and Grace Living Centers as defendants in this action, does not contest Defendant's assertion that Grace Living Centers is a registered trade name for Amity Care, L.L.C. Indeed, public records of which the Court takes judicial notice reflect that Defendant is correct on this point. *See* Oklahoma Secretary of State, https://www.sos.ok.gov/corp/corpInformation.aspx?id=3500615510 (last visited Jan. 6, 2020); *Tal v. Hogan*; 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that courts may take judicial notice of facts that are a matter of public record

---

[3] Oklahoma decisional law indicates that a judgment against a trade name of a sole proprietorship is "the same as a judgment against the individual, sole proprietor," even if the judgment "[does] not refer to him by his correct name." *Bishop v. Wilson Quality Homes*, 986 P.2d 512, 515 (Okla. 1999). Plaintiff has offered no authority, and the Court has found none, suggesting that this principle extends to more complex entities such as limited liability companies, or that a trade name is a separate legal entity capable of being sued under Oklahoma law. *See Thomas v. Colvin*, 592 P.2d 982, 983 (Okla. Civ. App. 1979) ("No authority is cited to support [the] contention that a separate entity is created by [the d/b/a] nomenclature.").

4

and that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment").

Because Grace Living Centers is a trade name and does not have a legal existence under Oklahoma law separate and distinct from Defendant Amity Care, L.L.C., Plaintiff cannot state a plausible claim for relief against it. Accordingly, the Court finds that Grace Living Centers should be dismissed from the present action.[4] *See* Fed. R. Civ. P. 12(b)(6).

CONCLUSION

For the foregoing reasons, Defendant Grace Living Centers' Motion to Dismiss (Doc. No. 19) is GRANTED.

IT IS SO ORDERED this 9th day of January, 2020.

_____
CHARLES B. GOODWIN
United States District Judge

---

[4] Should Plaintiff discover that she has failed to name a proper defendant, she may move the Court for appropriate relief. *See* Fed. R. Civ. P. 15(c)(1)(C), 20(a)(2), 21.